UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSEPH WILLS, JR.,

                Plaintiff,                                Hon. Ellen S.  Carmody

v.

                                                Case No. 1:15-cv-33

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

_____/

## OPINION

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.  On April 14, 2015, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment.  (Dkt. #8).

        Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive.  The Commissioner has found that Plaintiff is not disabled within the meaning of the Act.  For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence.  Accordingly, the Commissioner's decision is **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords

to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 26 years of age on his alleged disability onset date. (Tr. 198). He possesses a ninth grade education and worked previously as a boat loader helper. (Tr. 23, 340). Plaintiff applied for benefits on January 23, 2012, alleging that he had been disabled since August 1, 2008, due to "low comprehension," anxiety, hip pain, knee "problems," "memory block," shoulder "problems," and attention deficit disorder (ADD). (Tr. 198-215, 234). Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (Tr. 94-197). On July 12, 2013, Plaintiff appeared before ALJ Kevin Detherage with testimony being offered by Plaintiff and a vocational expert. (Tr. 31-73). In a written decision dated August 20, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 13-25). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-5). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

3

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) Baker's cyst behind the left knee;[2] (2) type II acromion of the non-dominant left shoulder;[3] (3) borderline intellectual functioning; (4) learning disability; (5) bi-polar disorder; (6) panic attacks with agoraphobia; (7) social phobia; (8) anxiety disorder; and (9) avoidant personality disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 16-18).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) he can frequently reach in any direction with his non-dominant left upper extremity; (2) he can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; (3) he can occasionally kneel, stoop, crouch, and crawl; (4) he can perform simple, routine, repetitive tasks; (5) he cannot perform fast-paced production work; (6) he can make simple work-related decisions and can tolerate occasional workplace changes; and (7) he can occasionally interact with the public, co-workers, and supervisors. (Tr. 18).

The ALJ found that Plaintiff cannot perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant

---

[2]  A Baker's cyst "is a pocket of fluid that forms a lump behind the knee." *See* Baker's Cyst, available at http://www.webmd.com/pain-management/tc/bakers-cyst-topic-overview (last visited on October 5, 2015).  A Baker's cyst is caused when excess joint fluid is pushed into one of the small sacs of tissue behind the knee." *Id.*

[3]  The lateral extension of the shoulder blade is referred to as the acromion. *See* Impingement Syndrome, available at http://www.mdguidelines.com/impingement-syndrome/definition (last visited on September 24, 2015).  A type II acromion refers to a "congenital anomaly" in which the acromion is hooked or curved resulting in "less room for the rotator cuff."  This circumstance may increase the likelihood that a person experiences impingement of the shoulder. *Id.*

number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding.  *See Richardson*, 735 F.2d at 964.  While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden.  *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added).  This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy.  *See Richardson*, 735 F.2d at 964.  Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding.  Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed in the lower peninsula of the state of Michigan approximately 20,100 jobs which an individual with Plaintiff's RFC could perform, such limitations notwithstanding.  (Tr. 63-67).  This represents a significant number of jobs.  *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006).  The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

I.            **The Treating Physician Doctrine**

On July 30, 2012, James Benthem, Ph.D., completed a form regarding Plaintiff's mental residual functional capacity.  (Tr. 372-76).  The ALJ afforded less than controlling weight to Dr. Benthem's opinions.  (Tr. 22-23).  Plaintiff asserts that he is entitled to relief because the ALJ

failed to articulate good reasons for discounting Dr. Benthem's opinions.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician

rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

Dr. Benthem assessed Plaintiff's abilities in various "aptitudes." With respect to Plaintiff's "mental abilities and aptitudes needed to do unskilled work," the doctor rated Plaintiff's abilities in sixteen separate areas. (Tr. 374). The doctor reported that Plaintiff possessed "no useful ability to function" in three areas, was "unable to meet competitive standards" in ten areas, was "seriously limited, but not precluded" in two areas, and was "limited but satisfactory" in seven areas. (Tr. 374). The doctor failed to assess Plaintiff's ability to "understand and remember very short and simple instructions." (Tr. 374).

With respect to Plaintiff's "mental abilities and aptitudes needed to do semiskilled

8

and skilled work," the doctor rated Plaintiff's abilities in four separate areas. (Tr. 375). The doctor reported that Plaintiff was "unable to meet competitive standards" in three areas and was "seriously limited, but not precluded" in one area. (Tr. 375).

With respect to Plaintiff's "mental abilities and aptitude needed to do particular types of jobs," the doctor rated Plaintiff's abilities in five separate areas. (Tr. 375). Specifically, the doctor reported that Plaintiff was "unable to meet competitive standards" with respect to his ability to maintain socially appropriate behavior. (Tr. 375). The doctor reported that Plaintiff was "seriously limited, but not precluded" with respect to his ability to interact appropriately with the general public. (Tr. 375). Finally, the doctor rated as "limited but satisfactory" Plaintiff's abilities in the following areas: (1) adhere to basic standards of neatness and cleanliness; (2) travel in unfamiliar place; and (3) use public transportation. (Tr. 375). Dr. Benthem concluded that Plaintiff was "unable to maintain employment." (Tr. 372).

The ALJ offered several reasons for affording limited weight to Dr. Benthem's opinion. First, as the ALJ correctly noted, the doctor's conclusion that Plaintiff is unable to work is entitled to no deference as such is a matter reserved to the Commissioner. *See, e.g., Gentry v. Commissioner of Social Security*, 741 F.3d 708, 727 (6th Cir. 2014). The ALJ further observed that:

> Dr. Benthem's opinion was not consistent with the claimant's activities. There was no evidence that the claimant was unable to work due to his limited intellect or mood conditions. The claimant was able to work for years despite these conditions. The claimant was not fired or quit due to illiteracy or anger. He was laid off when the company downsized. Moreover, it did not appear that the claimant was compliant with care as he refused to take any medications. There was no evidence his mood disorder would not improve with treatment.

> After his first meeting with the claimant in July 2012, Dr. Benthem

opined that the claimant was unable to search for work, take orientation classes, or fill out his own online application forms at Michigan Works due to his mental problems.  Dr. Benthem stood by those opinions afterwards.  I gave these opinions little weight for several reasons. First, the claimant was not functionally illiterate.  He could read and write at a 2-4th grade level when he was 13-years-old in the 7th grade.  The claimant was homeschooled for a couple of years after that.  Despite his allegedly disabling borderline intellect and memory blocks, the claimant was able to pass his driving tests and learn to use weapons.  He was able to work for years as a shipping clerk (i.e. reading and writing).  The claimant even learned to use a computer at some point and looked up his own physical therapy exercises on FaceBook in 2012.  In terms of his mood disorders, there was no evidence that the claimant was ever hospitalized for psychiatric problems. Despite his anger, the claimant had never been divorced or incarcerated.  He was apparently found mentally stable enough to own weapons.  He could legally go out hunting.  It appeared that the claimant got along well with his family members.  He testified about problems getting along; however, the evidence demonstrated that the claimant enjoyed his children and visited his parents frequently.

(Tr. 22-23) (internal citations omitted).

The ALJ's assessment is supported by the scant evidence of record.  Plaintiff reported that he was able to successfully work for many years and discontinued working "because of [a] recession-led downsizing."  (Tr. 36-37, 341).  Plaintiff also reported that "he enjoys doing 'body work' on cars in his garage and in general likes to 'fix' things."  (Tr. 342).  Plaintiff reported that he enjoys hunting and fishing with his family.  (Tr. 342).  Plaintiff has also been reported as "somewhat self-dramatizing at times."  (Tr. 343).  An examining psychologist concluded that Plaintiff is "able to comprehend simple instructions and carry out routine, repetitive tasks."  (Tr. 343).  Dr. Benthem's contemporaneous treatment notes do not support the extreme opinions noted above.  (Tr. 377-392).  In sum, the ALJ's rationale for discounting Dr. Benthem's opinion is supported by substantial evidence.  Accordingly, this argument is rejected.

10

II.          **The ALJ Properly Developed the Record**

Plaintiff next argues that he is entitled to relief because the ALJ "failed to fully develop the record." Specifically, Plaintiff faults the ALJ for failing to "recontact Dr. Bentham [sic] for clarification of his assessments." The Court is not persuaded.

Plaintiff bears "the ultimate burden of producing sufficient evidence to show the existence of a disability." *Allison v. Apfel*, 2000 WL 1276950 at *5 (6th Cir., Aug. 30, 2000) (citations omitted). As the relevant Social Security regulations make clear, it is the claimant's responsibility to provide the evidence necessary to evaluate his claim for benefits. *See* 20 C.F.R. §§ 404.1512 and 404.1514. As the Supreme Court has observed, "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Yuckert*, 482 U.S. at 146 n.5.

Only under "special circumstances, i.e., when a claimant is without counsel, is not capable of presenting an effective case, *and* is unfamiliar with hearing procedures, does an ALJ have a special, heightened duty to develop the record." *Trandafir v. Commissioner of Social Security*, 58 Fed. Appx. 113, 115 (6th Cir., Jan. 31, 2003) (emphasis added) (citations omitted); *Nabours v. Commissioner of Social Security*, 50 Fed. Appx. 272, 275 (6th Cir., Nov. 4, 2002) (citations omitted). Plaintiff was represented at the administrative hearing and there is no evidence that his counsel was incapable of advocating Plaintiff's position or was unfamiliar with the relevant hearing procedures. Thus, the Court finds that the ALJ was not under a heightened duty to develop the record in this matter.

Furthermore, the ALJ is not required to supplement the record with additional evidence unless the record as it then exists is insufficient to assess Plaintiff's residual functional

11

capacity or otherwise resolve his claims.  *See, e.g., Lamb v. Barnhart*, 85 Fed. Appx. 52, 57 (10th Cir., Dec. 11, 2003); *Ruby v. Colvin*, 2014 WL 5782930 at *13 (S.D. Ohio, Nov. 6, 2014); *Haney v. Astrue*, 2010 WL 3859778 at *3 (E.D. Okla., Sept. 15, 2010); *Brown v. Commissioner of Social Security*, 709 F.Supp.2d 248, 257 (S.D.N.Y. 2010); *Allison*, 2000 WL 1276950 at *5.  The record in this matter was sufficient to resolve Plaintiff's claim for benefits.  Accordingly, this argument is rejected.

## II.        The ALJ Properly Evaluated the Lay Witness Evidence

In support of his application for benefits, Plaintiff submitted statements authored by his father, mother, and wife.  (Tr. 304-09).  The ALJ discussed these statements at length and afforded each "significant weight" finding that such supported Plaintiff's contention that he experiences difficulty concentrating and "getting along with others."  (Tr. 21-22).  Plaintiff asserts that he is entitled to relief because the ALJ failed to properly assess the statements from his family members.  The ALJ credited these opinions to the extent they were supported by the medical evidence.  The Court discerns no error in the ALJ's treatment of the opinions in question.  *See, e.g., Mullins v. Commissioner of Social Security*, 2015 WL 3441163 at *13 (E.D. Mich., May 28, 2015) ("the ALJ is not required to give any perceptible weight to lay opinion testimony that does not comport with the medical evidence").  Accordingly, this argument is rejected.

## <u>CONCLUSION</u>

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence.  Accordingly, the Commissioner's decision is **affirmed**.  The

Court further finds that appeal of this matter would not be taken in good faith.  *See Smith v. Commissioner of Social Security*, 1999 WL 1336109 at *2 (6th Cir., Dec. 20, 1999); *Leal v. Commissioner of Social Security*, 2015 WL 731311 at *2 (N.D. Ohio, Feb. 19, 2015); 28 U.S.C. § 1915(a)(3).  A judgment consistent with this opinion will enter.


Date:  October 21, 2015                             /s/ Ellen S. Carmody_____
                                                    ELLEN S. CARMODY
                                                    United States Magistrate Judge

13